```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LISA FAVORITO,

                    Plaintiff,

         -against-                    MEMORANDUM & ORDER
                                      13-CV-3419(JS)(AYS)
LONGWOOD CENTRAL SCHOOL DISTRICT
and LONGWOOD CENTRAL SCHOOL
DISTRICT BOARD OF EDUCATION,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Russell J. Platzek, Esq.
                    Steven A. Morelli, Esq.
                    Joshua S. Beldner, Esq.
                    The Law Offices of Steven A. Morelli, P.C.
                    1461 Franklin Ave.
                    Garden City, NY 11530

For Defendants:     Adam I. Kleinberg, Esq.
                    Kaitlyn Rose McKenna, Esq.
                    Susan Hull Odessky, Esq.
                    Sokoloff Stern LLP
                    179 Westbury Avenue
                    Carle Place, NY 11514
```

SEYBERT, District Judge:

Pending before the Court is (1) Magistrate Judge Anne Y. Shields' Report and Recommendation ("R&R") recommending that this Court grant defendants' motion for summary judgment (Docket Entry 42), and (2) plaintiff Lisa Favorito's ("Plaintiff") Objections to Judge Shields' R&R. For the foregoing reasons, Plaintiff's Objections are OVERRULED and Judge Shields' R&R is ADOPTED in its entirety.

BACKGROUND

The Court presumes familiarity with the facts of this case, which are discussed at length in Judge Shields' R&R. Therefore the Court will only provide a brief overview of the Plaintiff's claims.

Plaintiff commenced this employment discrimination action on June 14, 2013 against her employer, the Longwood Central School District (the ''District'') and the Longwood Central School District Board of Education (the ''Board,'' and together with the District, ''Defendants''). Plaintiff is a tenured foreign language teacher who has been continuously employed at the District since 2002. (R&R at 1.) Plaintiff alleges that (1) she was discriminated against based upon her gender in violation of the equal protection clause, (2) that she was subjected to a hostile working environment in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e (''Title VII''), and (3) that Defendants sanctioned discriminatory policies and should therefore be subject to liability pursuant to the principles set forth in Monell v. Department of Social Services, 436 U.S. 658 (1978). (R&R at 1-2.)

DISCUSSION

The Court will first address the standard of review before turning to Plaintiff's objections specifically.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of

the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments,

3

case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Plaintiff's Objections

Plaintiff makes two primary objections to Judge Shields' R&R: (1) that contrary to Judge Shields' determination, Plaintiff experienced an adverse employment action when she was transferred to the high school from the middle school, and (2) that Plaintiff was subjected to a hostile work environment and Judge Shields incorrectly recommended dismissal of that claim. (Pl.'s Objections, Docket Entry 43, at 3, 12.)

A. Adverse Employment Action

Plaintiff argues that when the District transferred her to the high school from the middle school she was subjected to an adverse employment action because her position at the middle school was "more demanding" and less prestigious. (Pl.'s Objections at 5.) Plaintiff's contention that her position at the high school was a "more demanding" than her former position was already addressed and rejected by Judge Shields. Plaintiff argued that the high school position was more demanding because it required an earlier start time, and Judge Shields incorrectly determined that "[c]hanges in schedule or commute, while inconvenient on a personal

4

level, do not constitute [an] adverse employment action." (R&R at 23.) Since Plaintiff's argument was already addressed and correctly rejected by Judge Shields, the Court need not discuss this point further. See Pall Corp., 249 F.R.D. at 51; Galabya v. N.Y. City Bd. of Educ., 202 F.3d 636, 640, n.1 (2d Cir. 2000) (rejecting the argument that a change in commuting time constituted an adverse employment action).

Plaintiff's second argument that her position at the middle school was somehow less prestigious is similarly unavailing. Plaintiff argues, for the first time, that her position at the high school was less prestigious because she was not allowed to work with a student teacher. (Pl.'s Objections at 4.) Apparently, working with a student teacher would have allowed Plaintiff to earn college credit. (Pl.'s Objections at 4.). A "teaching assignment must be 'materially less prestigious, materially less suited to [Plaintiff's] skills and expertise, or materially less conducive to career advancement' in order to qualify as an adverse employment action." Taylor v. N.Y. City Dep't of Educ., No. 11-CV-3582, 2012 WL 5989874, at *8 (E.D.N.Y. Nov. 30, 2012) (quoting Sotomayor v. City of New York, 862 F. Supp. 2d 226, 255 (E.D.N.Y. 2012)). The fact that Plaintiff was not given a student teacher when she moved to the high school did not make her new position materially less prestigious than her former position. See Das v. Consol. Sch. Dist. of New Britain, 369 F.

App'x 186, 189 (2d Cir. 2010).  Plaintiff's objections concerning her adverse employment action arguments are therefore OVERRULED.

B. <u>Hostile Work Environment</u>

In her R&R, Judge Shields found that the series of interactions Plaintiff cited in support of her hostile work environment claim amounted only to a "handful of arguably negative isolated incidents" that did not support a claim.  (R&R at 27-28.)  Plaintiff now argues that "[c]ontrary to what the Report states, the record indicates that Plaintiff has been subjected to a hostile work environment."  (Pl.'s Objections at 12.)  However, since Plaintiff's argument is identical to the argument she made in her opposition brief, the Court need only review Judge Shields' determination for clear error.  <u>See</u> <u>Barratt v. Joie</u>, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).  The Court finds Judge Shields' conclusion regarding Plaintiff's hostile work environment claim to be sound.  The incidents Plaintiff cites in support of her hostile work environment claim amount to no more than a series of unrelated negative work experiences that do not rise to the level of a hostile work environment claim.  Plaintiff's objections regarding her hostile work environment claim are therefore OVERRULED.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's objections are

6

OVERRULED and the Court ADOPTS Magistrate Judge Shields' R&R in its entirety.  Defendants' request for attorney fees is DENIED WITHOUT PREJUDICE.  The Clerk of the Court is directed to mark this case CLOSED.

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated:    September __16__, 2015
            Central Islip, New York